ANNE P. GRAHAM et al v. THOMAS J. BERGEN et al
No. 18413. Ohio Supreme Court
On motion to Franklin Court of Appeals to certify.
For opinion of Court of Appeals, see 1 Abs. 471.

227. **CHARITABLE TRUSTS—Execution of.**

Virginia W. Gray died leaving a will by which a portion of her estate was set aside to create a charitable and non-charitable trust and was vested in certain trustees for the construction and maintenance of a "Home for Aged Women."

Shortly after the death of the testator suit was brought in the Franklin Common Pleas to invalidate the trusts and they were declared void.

The plaintiffs in this action, Anne P. Graham, Marion G. Savage and Virginia Graham, were nieces of the testatrix and began the action in their own interests and as the resulting trustees of the estate of Virginia W. Gray, deceased. It was alleged by them in their petition filed in the Common Pleas that they and others were next and nearest of kin of the said decedent and entitled to her estate by inheritance at law, and charging and alleging that the trust was unlawful.

The Common Pleas set aside the trust and ordered the plaintiffs and others of like relationship into the possession and title of the estate. The Court of Appeals upheld the trust and adjudged it lawful, and reversed the Common Pleas.

The plaintiffs in error maintain there was error in the trial Court of Appeals, in that:

1. It allowed said trust for charity to stand with the founder's near kinswomen trust in by that designation only. It created a perpetuity in such kinswomen.

## STATE SUPREME COURT—Continued

2. It was error for it to hold and designate that the testatrix had power and right to disregard and violate her own charitable class of women set forth and rescribed in her will, by giving by express provisions several women so set forth and described, and several women not living in Ohio admission to said charity.

3. That there was error in its admitting Virginia and Anne P. Graham to the charity, who were not residents of Ohio, nor homeless, for no reason assigned whatever but the requirement of the will that if they entered the charitable home they should observe conditions and report the same to the trustee.

4. There was error in its holding that Virginia Gay having right and power to make preference in persons in the charity, had power to suspend the general rule as to age and residence of those admitted. That is, the court erroneously held it might assume that Virginia Gay put persons in the charity who did not live in the state, or who had homes or who had support, contrary to the charitable class of her own will, she would be presumed to have intended to suspend the rules as to residence and as to homes and as to age, and Virginia Gay had power to do so.

5. There was error in its holding that a class of testatrix's relatives designated not otherwise than "near kinswomen" did not create a perpetuity in their behalf, when put into the charity by the will of the testatrix.

Attorneys—M. R. Patterson and Williams, Sinks and Williams, for Graham et; Edward C. Turner, for Berger et; all of Columbus.